**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) ) | **COMPLAINT AND** <u>**JURY TRIAL DEMAND**</u> |
| | ) | |
| **v.** | ) ) | |
| **LIFECARE MEDICAL SERVICES, INC.,** | ) ) | |
| **Defendant.** | ) ) | |

<u>NATURE OF THE ACTION</u>

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments of 2008 (ADA), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to John Adair, who was adversely affected by such practices.  The Equal Employment Opportunity Commission ("the Commission" or "EEOC") alleges that Defendant LifeCare Medical Services, Inc. unlawfully discriminated against Adair by failing to reasonably accommodate him and by terminating him because of his actual disability, in violation of the ADA.

<u>JURISDICTION AND VENUE</u>

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) & (3) of Title VII of

the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and

Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the

jurisdiction of the United States District Court for the Northern District of Ohio, Eastern

Division.

PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an

agency of the United States of America charged with the administration, interpretation and

enforcement of Title I of the ADA and is expressly authorized to bring this action by Section

107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) &

(3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant LifeCare Medical Services, Inc. has continuously

been an Ohio corporation doing business in the State of Ohio and has continuously had at least

15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an

industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and

Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections

701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of

the ADA, 42 U.S.C. § 12111(2).

STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, John Adair filed a

2

charge of discrimination with the Commission alleging violations of Title I of the ADA by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least October 2009, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by failing to provide Adair a reasonable accommodation for his disability and by discharging Adair because of his disability.

9.      At all relevant times, Adair has been an individual with an actual disability as defined by the ADA.

10.     Adair has a physical impairment, Multiple Sclerosis (MS).

11.     As a result of his disability, Adair is substantially limited in major life activities and bodily functions, including but not limited to neurological function.

12.     At all relevant times, Adair was qualified to perform the essential functions of his position.

13.     Adair began working for Defendant in October 2009 as an EMT-Paramedic.

14.     Adair performed his job successfully until his discharge.

15.     Adair's immediate supervisor was Dan Wiland.

16.     In March 2010, May 2010, July 2010, and September 2010, Wiland gave Adair four warnings related to Adair's attendance.  Wiland gave these warnings pursuant to Defendant's no fault attendance policy.

17.     In response to these attendance-related warnings, Adair informed Wiland that he had MS and requested leave as a reasonable accommodation.

18.     On October 7, 2010, Adair requested, in writing, a reasonable accommodation of

3

additional attendance points under the ADA.

19.     On October 11, 2010, Station Manager Mike Norman denied Adair's written request for a reasonable accommodation.

20.     Two days later, on October 13, 2010, Norman and Wiland terminated Adair.

21.     From October 2009 through October 2010, Defendant engaged in unlawful employment practices when it failed to provide Adair with a reasonable accommodation for his disability.

22.     Defendant knew of Adair's need for leave as a reasonable accommodation for his disability, but did not engage in an interactive process.  Instead, Defendant continued to issue Adair disciplinary warnings.

23.     Defendant has had and continues to have an attendance policy which provides for progressive discipline, up to and including discharge, for all absences.

24.     Defendant's policy has no exceptions for individuals with disabilities whose absences are caused by their disabilities and the policy does not have any provision for reasonable accommodation of such individuals covered under the ADA.

25.     Defendant's application of its attendance policy to Adair denied him leave as a reasonable accommodation, in violation of the ADA.

26.     On October 13, 2010, Defendant engaged in unlawful employment practices when it discharged Adair because of his disability.

27.     The effect of the practices complained of in paragraphs 8-26 above has been to deprive Adair of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

4

28.    The effect of the practices complained of in paragraphs 8-26 above has been to deprive Adair of equal employment opportunities and otherwise adversely affect his rights under the ADA resulting in lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of life, because of his disability.

29.    The unlawful employment practices complained of in paragraphs 8-26 above were intentional.

30.    The unlawful employment practices complained of in paragraphs 8-26 above were done with malice or with reckless indifference to the federally protected rights of John Adair.

<u>PRAYER FOR RELIEF</u>

Wherefore, the EEOC respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating by discharging qualified employees because of a disability or by failing to provide reasonable accommodations to individuals covered by the ADA;

B.    Order Defendant to institute and carry out policies, practices, and programs that eradicate the effects of its past and present unlawful employment practices, including but not limited to requiring that Defendant (i) amend its attendance policy to state that Defendant must make exceptions to the policy when required by the ADA as a reasonable accommodation for employees with disabilities; (ii) publicize that amendment to all present and future employees; and (iii) adhere to the amendment;

C.    Order Defendant to make whole John Adair by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief

necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

        D.      Order Defendant to make whole John Adair by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices complained of above, including but not limited to any job search expenses and medical expenses, and other pecuniary losses, in amounts to be determined at trial;

        E.      Order Defendant to make whole John Adair by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including pain and suffering, emotional distress, indignity, inconvenience, loss of enjoyment of life, loss of self-esteem, and humiliation, in amounts to be determined at trial;

        F.      Order Defendant to pay John Adair punitive damages for its malicious and reckless conduct, as described above, in an amount to be determined at trial;

        G.      Grant such further relief as the Court deems necessary and proper in the public interest; and

        H.      Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                  Respectfully submitted,

                  P. DAVID LOPEZ
                  General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Debra M. Lawrence
DEBRA M. LAWRENCE
Philadelphia District Regional Attorney

/s/ Tanya L. Goldman
TANYA L. GOLDMAN
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland  21201
(410) 209-2728(phone)
(410) 209-2221 (fax)
tanya.goldman@eeoc.gov