UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
) Civ. Act. No. 5:13-cv-01447-SL
)
        Plaintiff, ) Judge Sara Lioi
)
v. )
)
LIFECARE MEDICAL SERVICES, INC., )
)
)
        Defendant. )
)

## CONSENT DECREE

This action was instituted by Plaintiff, the Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant, LifeCare Medical Services, Inc. ("LifeCare" or "Defendant"), alleging that Defendant violated Sections 102(a) and (b) of Title I of the Americans with Disabilities Act as amended through the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12112(a) and (b), by failing to reasonably accommodate Charging Party John Adair and by terminating him because of his disability. Defendant denies the allegations in the Complaint.

The parties desire to resolve this action without the time and expense of continued litigation, and they desire to formulate a plan, to be embodied in a Decree, which will promote and effectuate the purposes of the ADAAA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADAAA. Therefore, upon due

consideration of the pleadings and the record as a whole, it is ORDERED, ADJUDGED AND DECREED:

### Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADAAA action, which emanate from the Charge of Discrimination filed by John Adair.

2. This Decree shall be in effect for a period of three years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

### Relief to John Adair

4. Within thirty days of entry of this Decree, Defendant shall pay John Adair monetary relief in the total amount of $72,500.00, representing $8,400.00 in back pay and $64,100 in non-pecuniary compensatory damages. Defendant will issue Mr. Adair an IRS Form 1099 for the 2014 tax year for the compensatory damages amount and an IRS W-2 form for the 2014 tax year for the back pay amount. The Defendant shall make all legally required withholdings from the back pay amount and required employee contributions under FICA. Defendant's required employer contributions under FICA are separate from, and shall not be deducted from, the portion of the payment representing back pay.

The check and IRS forms will be sent directly to Mr. Adair with copies to the EEOC.

5. If Defendant receives an inquiry about Mr. Adair from a potential employer, headhunter, or other person inquiring about Mr. Adair's employment history, Defendant shall provide a neutral reference concerning Mr. Adair, indicating, at a minimum, the following: Mr. Adair's dates of employment, position, and work location.

### Injunctive Relief

6. Defendant, its officers, agents, employees and all other persons acting or claiming to act on its behalf and interest are enjoined from denying reasonable accommodations to qualified individuals with disabilities and violating the provisions of Title I of the ADAAA, and related regulations, including the following provisions:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . discharge of employees . . . . and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

> "[T]he term 'discriminate against a qualified individual on the basis of disability' includes . . . not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . ."

42 U.S.C. § 12112(b)(5).

### Written Policies & Procedures

7. Within thirty days from the entry of this Decree, Defendant will implement and disseminate to all employees and new hires a revised Attendance and Punctuality policy. The revised policy will include a procedure for invoking a request for a reasonable accommodation under the ADAAA and will state that Defendant will make exceptions to the policy when required by the ADAAA as a reasonable accommodation for employees with disabilities.

### ADA Training

8. Within four months from the entry of this Decree, Defendant shall provide at least two hours of live training on the ADAAA for all supervisory and managerial employees and all human resources personnel. The training will cover all areas of prohibited ADAAA employment discrimination, but will include special emphasis on reasonable accommodation and the duty to engage in an interactive process. The training will specifically address the provision of unpaid leave as a reasonable accommodation and clarify that an employee need not refer to the ADAAA or use the words "reasonable accommodation" or other legal terms to commence the interactive process. The training will also cover exceptions to Defendant's Attendance and Punctuality policy discussed in paragraph 7 above. All live training shall be conducted by a qualified individual with experience with laws prohibiting employment discrimination.

    a. With its first semi-annual report, Defendant will provide the EEOC with written documentation that the training occurred, including the date the training was completed, and a signed attendance list identifying the name and job title for all attendees.

    b. For the duration of the Decree, Defendant shall provide this same training to all individuals hired in a supervisory and managerial capacity or as human resources personnel within sixty days of hire. This training may be pre-recorded.

9. In years two and three of the Decree, Defendant shall provide one hour of live training for all supervisory and managerial employees and human resources personnel. Defendant will provide the written documentation that the training occurred, including the signed attendance list, with its next due semi-annual report.

10. During orientation, new employees shall be informed of Defendant's policies regarding the ADAAA and reasonable accommodation, and exceptions to Defendant's Attendance and Punctuality policy.

4

## Notice and Postings

11. Within fifteen business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted in all LifeCare offices.

12. Within fifteen business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted in all LifeCare offices the Notice attached hereto as Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall be signed by a representative of Defendant with the date of actual posting shown. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibit are posted in the same manner as specified above. Within ten days of posting the Notice, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice and written certification that the Notice has been posted and a statement of the location(s) and date of posting.

## Monitoring Provisions

13. On a semi-annual basis, Defendant will prepare and submit to the Commission a list of all individuals who have been denied the reasonable accommodation of leave sought under the ADAAA during that period. The list will include each individual's name; home address; home telephone number; a brief description of the accommodation requested; the reasons for the denial; and the name of each manager or supervisor involved in the relevant job action decision. If no individuals have been denied an accommodation sought under the ADAAA, Defendant will so inform the Commission's Baltimore Field Office.

14. On a semi-annual basis, Defendant will prepare and submit to the Commission a list of all individuals who have complained (internally or externally) of or reported termination on the basis of disability during that period. This list will include each individual's name; home address; home telephone number; the nature of the individual's complaint; the name of the individual who received the complaint or report; the date the complaint or report was received; and a description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved in those actions. If no individuals have complained of or reported any termination on the basis of disability, Defendant will so inform the Commission's Baltimore Field Office.

15. All materials required by this Decree to be sent to the EEOC shall be addressed to: Tanya L. Goldman, Trial Attorney, Equal Employment Opportunity Commission, Baltimore Field Office. The materials shall be sent by electronic mail to tanya.goldman@eeoc.gov.

16. The Commission and Defendant shall bear their own costs and attorneys' fees.

17. The undersigned counsel of record in the above-captioned action hereby consent, on behalf of their respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

_____
Debra M. Lawrence
Regional Attorney

_____
Tanya L. Goldman
Eric Thompson
Equal Employment Opportunity Commission
Baltimore Field Office
10 S. Howard Street, 3rd Floor
Baltimore, Maryland 21201
Phone: (410) 209-2728 (phone)
Fax: (410) 209-2221 (fax)
E-mail: tanya.goldman@eeoc.gov

_____
James O'Connor (0063428)
Stephanie S. Hathaway (0074262)
Reminger Co., L.P.A.
101 W. Prospect Ave. – Suite 1400
Cleveland, Ohio 44115-1093
Tel: 216-687-1311 / Fax: 216-687-1841
joconnor@reminger.com
shathaway@reminger.com

Counsel for Defendant,
*LifeCare Medical Services, Inc.*

Counsel for Plaintiff,
*Equal Employment Opportunity Commission*

**SO ORDERED.**

Signed and entered this 29th day of May, 2014.

_____
Sara Lioi
United States District Court Judge